IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 21 HEALTH AND WELFARE FUND<br>2980 Southampton-Byberry Road<br>Philadelphia, PA 19154 | : : : : : | CIVIL ACTION<br><br>NO. |
| and | : : | |
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 21 ANNUITY FUND<br>2980 Southampton-Byberry Road<br>Philadelphia, PA 19154 | : : : : : | |
| and | : : | |
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 21 JOB RECOVERY FUND<br>2980 Southampton-Byberry Road<br>Philadelphia, PA 19154 | : : : : : | |
| and | : : | |
| FINISHING TRADES INSTITUTE OF THE MID-ATLANTIC REGION<br>2980 Southampton-Byberry Road<br>Philadelphia, PA 19154 | : : : : | |
| and | : : | |
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 21 INDUSTRY ADVANCEMENT FUND<br>2980 Southampton-Byberry Road<br>Philadelphia, PA 19154 | : : : : : | |
| and | : : | |
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 21 | : : | |

**VACATION FUND**  
2980 Southampton-Byberry Road  
Philadelphia, PA 19154  

and  

**INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 21 SCHOLARSHIP FUND**  
2980 Southampton-Byberry Road  
Philadelphia, PA 19154  

and  

**INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 21 JOB ORGANIZATION PROGRAM TRUST FUND**  
2980 Southampton-Byberry Road  
Philadelphia, PA 19154  

and  

**JOSEPH ASHDALE,**  
in his official capacity as a Trustee of the International Union of Painters and Allied Trades District Council No. 21 Health and Welfare Fund  
2980 Southampton-Byberry Road  
Philadelphia, PA 19154  

and  

**INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 21**  
2980 Southampton-Byberry Road  
Philadelphia, PA 19154  

                Plaintiffs,  

v.  

**PAPER MASTER, LLC**  
323 Elton Lane  
Galloway, NJ 08205  
                Defendant.

## **COMPLAINT**

### The Parties

1. Plaintiffs International Union of Painters and Allied Trades ("IUPAT") District Council No. 21 ("DC21") Health and Welfare Fund, IUPAT DC21 Annuity Fund, IUPAT DC21 Job Recovery Fund, Finishing Trades Institute of the Mid-Atlantic Region, IUPAT DC21 Industry Advancement Fund, IUPAT DC21 Vacation Fund, IUPAT DC21 Scholarship Fund, and the IUPAT DC21 Job Organization Program Trust Fund (hereafter collectively, "Plaintiffs Funds") are employee benefit plans pursuant to Section 3(3) of the Employee Retirement Income Security Act (hereafter, "ERISA"), 29 U.S.C. Section §1002(3), with their principal office located at 2980 Southampton-Byberry Road, Philadelphia, PA 19154, within this judicial district. Plaintiff Funds are due and owing relief being sought from Bethel Construction, LLC as set forth below.

2. Plaintiff Joseph Ashdale, a trustee of Plaintiff Health and Welfare Fund, acts as a fiduciary on behalf of Plaintiff Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), for the purposes of collecting delinquent contributions, and brings this action in such capacity on behalf of all Plaintiff Funds having been so authorized by the Trustees of each of the Plaintiff Funds.

3. Plaintiff, International Union of Painters and Allied Trades District Council No. 21 (hereafter, "Plaintiff Union"), is an unincorporated labor organization within the meaning of Section 3(5) of the Labor Management Relations Act of 1947 (hereafter "LMRA"), as amended, 29 U.S.C. §185 with its principal office located at 2980 Southampton-Byberry Road, Philadelphia, PA 19154. Plaintiff Union brings this action in its capacity as collective bargaining agent for the covered employees of Defendant, Bethel Construction, LLC.

4. Defendant, Paper Master, LLC, (hereinafter, "Defendant") is a New Jersey Limited Liability Company doing business at 323 Elton Lane, Galloway, NJ 08205.

5. Defendant is engaged in interstate commerce within the meaning of Section 2(6) of the LMRA, as amended, 29 U.S.C. §152(6), and has employed members of Plaintiff Union pursuant to a collective bargaining agreement in the State of New Jersey.

6. Defendant is an Employer within the meaning of Section 2(2) of the National Labor Relations Act and Section 301 of the LMRA, as amended, 29 U.S.C. §§152(2) and 185, and Section 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1002(5) and 1145.

## Jurisdiction & Venue

7. Jurisdiction of the District Court is invoked pursuant to Section 301 of the LMRA, as amended, 29 U.S.C. §185, in that the Defendant is an employer within the meaning of the LMRA, and party to a collective bargaining agreement which forms the basis and substance of the matters at issue in this litigation; and 28 U.S.C. §1337, providing for original jurisdiction in civil actions that arise out of an Act of Congress regulating commerce.

8. Jurisdiction of the District Court is invoked pursuant to the provisions of Section 502 and Section 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1132 and 1145, in that Defendant is an employer as defined by ERISA. The District Court of New Jersey is the proper venue under ERISA section 502(e)(2), 29 U.S.C. §1132(e)(2), because the Defendant is located in this judicial district.

## **Cause of Action**

**Defendant's Outstanding Obligations Owed to Plaintiffs Pursuant to Sections 502 and 515 of ERISA**

9. Plaintiffs hereby incorporate the allegations of paragraphs 1 through 8, as if set forth fully herein.

10. Plaintiff Union and Defendant are parties to a collective bargaining agreement(s), which requires that Defendant make certain contributions on a timely basis to Plaintiff Funds and remit certain payments to Plaintiff Union based upon the performance of covered work by its employees who are members of Plaintiff Union. True and correct copies of the Employer's signed contribution reports submitted to the Plaintiff Funds where the Employer assented to being bound to the collective bargaining agreement with IUPAT, District Council No. 21 and the Agreement and Declaration of Trust, have been attached hereto as Exhibit A.

11. Defendant, like all other contributing employers to Plaintiff Funds, is required to submit monthly reports setting forth the hours worked by eligible employees covered under the collective bargaining agreement(s), and to timely remit contributions to Plaintiff Funds, at rates commensurate with those required under the collective bargaining agreement(s), for all hours worked. The collective bargaining agreement(s) further note that liquidated damages and interest shall be assessed to untimely and/or unpaid fringe benefit contributions until the employer cures its delinquency. A copy of the IUPAT District Council No. 21 Health and Welfare Fund Delinquency Policy by which assessments of interest and liquidated damages are governed is attached hereto as Exhibit B.

12. In accordance with the collective bargaining agreement with Plaintiff Union, Defendant is required to submit to auditing of its books and records at reasonable intervals for the purpose of determining the accuracy of the contributions made by the Employer to the Plaintiff Funds.

13. On June 14, 2018, the Plaintiff Funds completed, through an independent auditor,

an audit of Defendant's payroll records for the contribution periods of January 1, 2014 through December 31, 2016.

14. As detected by the audit, Defendant employed workers for whom it failed to remit required benefit contributions for the abovementioned audit periods, which has resulted in an audit delinquency owed in the amount of **$24,356.20**, which includes audit principal due and owing in the amount of $15,476.49, liquidated damages in the amount of $3,095.30, interest accrued to present in the amount of $3,392.67, and the cost of audit in the amount of $2,391.74. A copy of the audit is attached hereto as Exhibit C.

15. This amount may change as Defendant makes payments, partial payments and/or fails to make payments due as a result of additional or prior work performed, or additional delinquencies are uncovered, in accordance with the collective bargaining agreement(s).

16. Defendant was notified of these respective delinquencies, but has failed, or refused, to make appropriate and timely payments as required. See Exhibit B, ¶¶ 8-9; see also, a copy of the Notice sent by the Auditor, dated July 25, 2018 and a copy of the Notice sent by Plaintiffs' Counsel, dated February 6, 2019, attached hereto as Exhibits D and E, respectively.

17. Plaintiffs are entitled to a provision permitting immediate registration in another District of any judgment entered in this action.

**WHEREFORE**, Plaintiffs request this Court to grant judgment against Defendant and in favor of Plaintiffs, and to award relief as follows:

a. Judgment in the amount of **$24,356.20**, or such other amounts as may be due and owing when this cause of action reaches judgment, as provided for by Section 502 of ERISA;

      b.    Reasonable counsel fees, interest to run at rate of 7%, and costs of suit, as provided for by Section 502 of ERISA;

      c.    Injunctive relief ordering Defendant to remit employer reports, contributions and other required payments in a timely fashion; and

      d.    Other relief as the Court deems just and proper.

Respectfully submitted,
**SPEAR WILDERMAN, P.C.**

BY: _____
SYRETTA J. MARTIN
230 South Broad Street, Suite 1400
Philadelphia, PA 19102
(215) 732-0101
Attorney for Plaintiffs

Dated: March 20, 2019